UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **CINCINNATI INSURANCE CO.,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
|    vs. | )   CAUSE NO.  1:03-cv-1683-VSS/DFH |
| | ) |
| **INDIANAPOLIS DOWNS, LLC, et al.,** | ) |
| | ) |
|    **Defendants.** | ) |

## ENTRY ON MOTION FOR JUDGMENT ON THE PLEADINGS

This cause is before the court on the Motion for Judgment on the Pleadings on Gilliatte General Contractors, Inc.'s [Gilliatte] Third Party Claim, filed by third-party defendant Poindexter Excavating, Inc. ("Poindexter"), and the response thereto filed by defendant Indianapolis Downs LLC ("Indianapolis Downs").[1]  The court, being duly advised, **GRANTS** Poindexter's motion for the reasons set forth below.

This case arose out of the construction of Indiana Downs, a horse racing track in Shelby County, Indiana.  Indianapolis Downs contracted with Gilliatte to construct the race track; Gilliatte, in turn, contracted with Poindexter to perform some of the construction work.  Fairland Recreation Club, Inc., ("Fairland") sued Indianapolis Downs in state court, alleging that during the course of the construction of the race track water was negligently diverted onto Fairland's property, causing flooding.  Judgment was entered in favor of Fairland against Indianapolis Downs in the state court case in November 2003.

This case began as a declaratory judgment action by plaintiff Cincinnati Insurance

---

[1] Plaintiff Cincinnati Insurance Company ("Cincinnati") also filed a response to Poindexter's motion; however, Cincinnati subsequently dismissed all of its remaining claims in this case.

Company, Gilliatte's liability insurer during the relevant time period, seeking declaratory judgment that it had no duty to defend or indemnify either Gilliatte or Indianapolis Downs for Fairland's claims in its suit against Indianapolis Downs.  Judgment has been entered in favor of Cincinnati Insurance Company on that claim.  Various cross-claims, counterclaims, and third-party claims subsequently were asserted in this case, including a cross-claim for indemnification by Indianapolis Downs against Gilliatte, which was resolved in Gilliatte's favor by summary judgment.  The only claim that now remains in this case is the one at issue in the instant motion – Gilliatte's third-party claim against Poindexter, in which Gilliatte "prays for judgment in its favor and against Poindexter in the amount, if any, that Gilliatte is found to be liable to Indianapolis Downs."

Poindexter argues that it is entitled to judgment on the pleadings because Gilliatte's third-party claim against it is dependent upon Gilliatte being found liable to Indianapolis Downs, and the court already has entered summary judgment in favor of Gilliatte on Indianapolis Downs' cross-claim against it and therefore already has determined that Gilliatte cannot be found liable to Indianapolis Downs.  Indianapolis Downs opposes entry of judgment in Poindexter's favor, arguing that Poindexter may still be required to indemnify Gilliatte for the amount paid by Gilliatte to Indianapolis Downs pursuant to a settlement agreement that was executed two days before the court entered its ruling on Gilliatte's motion for summary judgment.[2]

The court agrees with Poindexter.  When summary judgment was granted in favor of Gilliatte on Indianapolis Downs' cross-claim, this necessarily disposed of Gilliatte's third-party

---

[2]The settlement agreement also assigned Gilliatte's claim against Poindexter to Indianapolis Downs.

claim against Poindexter, and Poindexter is entitled to judgment on that claim. If Indianapolis Downs wishes to pursue a claim for indemnification based upon the settlement agreement, it may do so in state court. That claim is not at issue in this case, and the court declines to permit Indianapolis Downs to amend the third-party complaint to assert what is a purely state law claim between two Indiana citizens.

    SO ORDERED:   08/15/2005

                                                                      V. Sue Shields, Magistrate Judge

Copies to:

James Walter Brauer
STEWART & IRWIN
jbrauer@stewart-irwin.com

J. Michael Cavosie
EASTER & CAVOSIE
mcavosie@ecp-law.net

James Gregory Easter
EASTER & CAVOSIE
geaster@ecp-law.net

Anthony Marino Eleftheri
LEWIS & WAGNER
aeleftheri@lewiswagner.com

Michelle H. Kazmierczak
KIGHTLINGER & GRAY
mkazmierczak@k-glaw.com

David A. Tucker
EASTER & CAVOSIE
dtucker@ecp-law.net

Janet Marin Prather
SKILES HANSEN COOK & DETRUDE
jprather@skilesdetrude.com

Mary F. Schmid
STEWART & IRWIN
mschmid@stewart-irwin.com

Richard Robert Skiles
SKILES HANSEN COOK & DETRUDE
rskiles@skilesdetrude.com

John Carl Trimble
LEWIS & WAGNER
jtrimble@lewiswagner.com

Michael E. Brown
KIGHTLINGER & GRAY
mbrown@k-glaw.com